## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Talbert,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-1191** (Fayette County 13-C-285)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Thomas Talbert, appearing *pro se*, appeals the November 15, 2013, order of the Circuit Court of Fayette County that dismissed his petition for a writ of habeas corpus challenging his conviction on a prison disciplinary violation. Respondent Warden, by counsel John H. Boothroyd, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a former inmate at Mt. Olive Correctional Complex.[1] According to petitioner's petition for a writ of habeas corpus, on or about July 17, 2012, three other inmates attempted to escape from Mt. Olive. After the other inmates were detected and apprehended, petitioner was charged with violating disciplinary rule 1.13 for allegedly being an "accessory" to the attempted escape. While petitioner did not attach a copy of Investigator Curtis Dixon's incident report to his petition, he quoted from the report in his petition, as follows:

> I Investigator Curtis Dixon was in my office and was reviewing the video of the attempted escape that occurred on July 17, 2012. While watching the video it appeared [petitioner] distracted librarian Sherry Cox so inmate Daniel Smith could sneak into the library and hide.[2] The video also shows that [petitioner] enter[ed] the law library and turn[ed] off a fan [while] inmate [Keith] Lowe was there. As [petitioner] left the room, inmate Lowe hid under the desk. Due to these actions it

---

[1] Petitioner is currently housed at Huttonsville Correctional Center.

[2] At the time, petitioner was working as a legal aide in the prison library.

1

appears that [petitioner] is in direct violation of Policy Directive 325. And [petitioner] is being charged with 1.13 Accessory to Escape.

At petitioner's disciplinary hearing, the petitioner alleged that Investigator Dixon testified that it appeared that petitioner blocked Librarian Cox's view when Inmate Smith entered the library and that petitioner and Inmate Lowe said something when petitioner turned off the fan in the law library. Petitioner's petition further alleged that Librarian Cox testified that, in hindsight, she felt that petitioner was attempting to obstruct her view. However, petitioner testified that he did not try to block Librarian Cox's view and that he was innocent of the charge. Petitioner also presented the testimony of Inmate Jason Hubbard who testified that he and another inmate—not petitioner—were the last inmate workers to leave the library the night of the attempted escape.

Also, according to petitioner's petition, the three inmates who attempted escape were not permitted to testify at his disciplinary hearing. Petitioner claimed that he obtained affidavits from the three inmates indicating that he did not aid their attempted escape. Petitioner did not attach copies of the affidavits to his petition. Petitioner alleged that the correctional hearing officer failed to consider the affidavits because they were not "properly before" the hearing officer at the hearing. The circuit court later determined that petitioner's argument on this point assumed that the correctional hearing officer knew of the contents of the affidavits, but did not find them persuasive that petitioner was not an accessory to the attempted escape.

Petitioner quoted in his petition the correctional hearing officer's findings as follows: "Incident report and testimony of Investigator II Curtis Dixon that [petitioner] was blocking the view of inmate Smith from librarian Sherry Cox, testimony of [petitioner], testimony of librarian Sherry Cox all supports [sic] the finding of guilty." According to petitioner's petition, he was sentenced to sixty days of punitive segregation and subsequently exhausted his administrative remedies by filing appeals with the warden of Mt. Olive and the Commissioner of Corrections. No documents confirming administrative exhaustion were attached to petitioner's petition.

On November 1, 2013, petitioner filed his habeas petition in the Circuit Court of Cabell County, which transferred the case to the Circuit Court of Fayette County.[3] On November 15, 2013, the Circuit Court of Fayette County dismissed petitioner's petition because petitioner (1) did not attach any supporting documentation that he had exhausted his administrative remedies;[4] and (2) did not include any portion of the administrative record from which the circuit court could adjudicate his substantive claim that his conviction on the disciplinary charge of being an accessory should be expunged from his record.

Petitioner appeals the circuit court's November 15, 2013, order dismissing his petition. We review a circuit court's dismissal of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the

---

[3] Mt. Olive is located in Fayette County.

[4] *See* W.Va. Code § 25-1A-2 (providing that administrative exhaustion is required).

2

circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, the standard for upholding a disciplinary conviction is only that some evidence exists to support the conviction. *See Snider v. Fox,* 218 W.Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006).

On appeal, petitioner argues that rather than dismissing his petition for a lack of supporting documentation, the circuit court should have allowed him the opportunity to prove that he was not guilty of being an accessory to the attempted escape. Respondent warden counters that given the deferential standard of review set forth in *Snider*, the present record allows petitioner's claim to be adjudicated. We agree.

First, the "some evidence" standard is *highly* deferential because the relevant question is whether there is "any evidence" in the record that supports the disciplinary conviction. *Id.* at 667, 627 S.E.2d at 357 (internal quotations and citations omitted).

Second, while petitioner did not include supporting documentation with his petition, it appears that he fully reported Investigator Dixon's and Librarian Cox's testimony against him. Petitioner also does not dispute that a video recording exists of his actions at the relevant times in the prison library.

Finally, petitioner's petition was sufficiently clear to allow the circuit court to ascertain the nature of petitioner's pro se argument. For example, from our own reading of the petition, we find that the circuit court correctly determined that petitioner's argument assumed that the correctional hearing officer knew of the contents of the affidavits of the three escapees, but did not find them persuasive.[5]

As to the application of the "some evidence" standard to the facts herein, as reported by petitioner in his petition, the correctional hearing officer found petitioner guilty of being an accessory under disciplinary rule 1.13 based on (1) Investigator Dixon's incident report (which petitioner quoted); (2) Investigator Dixon's testimony; (3) Librarian Cox's testimony; and (4) petitioner's own testimony. Credibility determinations are not for this Court to make. *See Snider,* 218 W.Va. at 667, 627 S.E.2d at 357; *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Thus, this Court finds that there was some evidence supporting petitioner's conviction under disciplinary rule 1.13. Therefore, the Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition.

---

[5] On appeal, petitioner indicates that one of the affidavits was available at the time of his disciplinary hearing.

For the foregoing reasons, affirm.

Affirmed.

**ISSUED**: August 29, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II